## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Devin Williams                                          )
Khadijah Reed Aigoro                                    )
(K.W. a Minor)                                          )
    Plaintiffs                                 )
                                                        )
Vs.                                                     )
                                                        )
City of North Bay Village                               )
Lt. Brian Collins - Individual Capacity                 )
Detective Sam Bejar - Individual Capacity        )
Officer Jose Martinez - Individual Capacity             )
Officer Frank Pieiga - Individual Capacity              )
Officer Walter Sadjak - Individual Capacity             )
Officer Hubert Molina    - Individual Capacity          )
    Defendants

## COMPLAINT AND JURY DEMAND

This is a civil rights action in which Plaintiff seeks relief for the violation of their rights secured by 42 USC 1983, 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution and the Florida Constitution.

1.    The claims arose on or about January 30, 2018 from an incident in which Officers of the North Bay Village Police Department; hereinafter, (NBVPD), acting under color of state law statutes, ordinances, regulations, policies, customs and usages of the City of North Bay Village and intentionally and willfully subjecting Plaintiffs to, inter alia, false arrest, false imprisonment, battery, excessive force and intentional infliction of emotional distress.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida. Jurisdiction of this Court is also predicated on 28 U.S.C. §1331 and the supplemental jurisdiction of this court under 28 U.S.C. §1367(a), and 28 U.S.C. §1988.

3.    The amount in controversy exceeds $75,000 excluding interest and costs.

1

## VENUE

4.      Venue is proper within the in the Southern District of Florida because the incident that gave rise to this action occurred in the City of North Bay Village, Florida which is located therein and the officers that are responsible for the constitutional violations live and or work within its boundaries.

## PARTIES

5.      At all times material hereto Plaintiff, **Devin Williams,** an African American male was a resident of the City of North Bay Village, Florida which is located in Miami-Dade County Florida and at all times relevant hereto was sui juris.

6.      At all times material hereto Plaintiff, **Khadija Reed Aigoro** an African-American female, was a resident of the City of North Bay Village, Florida which is located in Miami-Dade County Florida and at all times relevant hereto was sui juris.

7.      At all times material hereto Plaintiff, **(K.W. a Minor)** an African-American male/minor, was s a resident of the City of North Bay Village, Florida which is located in Miami-Dade County Florida and at all times relevant hereto was sui juris.

8.      Defendant, **City of North Bay Village, Florida** is a municipality located in Miami-Dade County and is the employer of all Defendants that are listed in this suit.

9.      Defendant, **Lt. Brian Collins**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Detective for the City of North Bay Village Police Department and is being sued in his individual capacity.

10.     Defendant, **Detective Sam Bejar**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Detective for the City of North Bay Village Police Department and is being sued in his individual capacity.

11. Defendant, **Officer Hubert Molina**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of a Police Officer for the City of North Bay Village Police Department and is being sued in his individual capacity.

12. Defendant, **Officer Jose Martinez**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Police Officer for the City of North Bay Village Police Department and is being sued in his individual capacity.

13. Defendant, **Officer Frank Pieiga**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Police Officer for the City of North Bay Village Police Department and is being sued in his individual capacity.

14. Defendant, **Officer Walter Sajdak**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Police Officer for the City of North Bay Village Police Department and is being sued in his individual capacity.

## STATEMENT OF THE FACTS

15. On or about January 30, 2018, Plaintiffs Devin Williams, Khadijah Reed Aigoro and (K.W. a Minor) were home with their front door locked at the Moda North Bay Village Apartments located at 8000 West Drive, Apartment 728, North Bay Village, Florida 33141.

16. An individual believed to be working as a police officer for the North Bay Village Police Department pried open the lock on Plaintiffs' front door and police officers rushed inside; in violation of Plaintiffs' First, Fourth and Fourteenth Amendment's rights

17. The officer were equipped with military style weapons resembling the AR-15 and trained them on the three Plaintiffs, one being the minor child.

18. Plaintiffs Devin Williams and Khadija Reed Aigoro, were seized, slammed to the floor, handcuffed and led to the living room and placed on the couch at gunpoint and then questioned.

19. The minor (K.W.) was not handcuffed but had weapons drawn on him as he was led into the living room with Williams and Aigoro at that point neither Plaintiff was free to leave constituting the arrest and detention.

20. Plaintiffs were questioned for a substantial period of time while officers searched Plaintiffs' home.

21. Officers eventually removed the handcuffs from Williams and Aigoro and they left without further incident.

22. Prior to Officers leaving Plaintiff's apartment one of the officers placed a military style service weapon to (K.W. Minor's) head only to further intimidate Plaintiffs.

23. Neither adult was transported to the Miami-Dade County Jail nor was (Minor, K.W. minor), removed from the home and placed in DCF custody

24. The North Bay Village Police Department's intrusion into plaintiffs' home and apprehension of their person was without probable cause, arguable probable cause, exigent circumstances or hot pursuit, constituting an illegal arrest, detention, search and seizure.

25. According to the North Bay Village Police Department website there are 25 officers on staff in their Police Department and it is believed that every officer on shift participated in this illegal and unconstitutional raid.

26. Plaintiff will seek leave of the Court to amend their petition to add the other officers as their names are obtained through the discovery process.

27. Officer's actions were done maliciously and sadistically for the very purpose of causing harm and intimidating the Plaintiffs.

28. NBVPD Officers assisted each other in the performance of various actions described herein lending their physical presence, support and authority of their office to violate Plaintiff's Fourth Amendment Constitutional rights.

29. No officer on the scene took reasonable steps to protect the Plaintiffs/Victims from fellow officers' use of excessive force and is each is liable for their individual nonfeasance in their illegal actions.

4

30.     The North Bay Village Department's Officers were motivated by racial animus toward the Plaintiffs in violating their First, Fourth and Fourteenth Amendment Rights.

31.     Defendants' actions were plainly incompetent while knowingly violating Plaintiffs Constitutional rights.

32.     All Plaintiffs are African-American. There are approximately two other African American families living in the building while all of the Defendants are Non-African-American.

33.     The misconduct described in this complaint was undertaken with malice, willfulness, and reckless indifference to the constitutional rights of the Plaintiffs.

34.     42 USC 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution."

35.     Plaintiff will establish that Defendants are liable in their individual capacity under § 1983, as they were acting under color of state law, caused the deprivation of a federal right of the Plaintiffs.

## <u>INDIVIDUAL CAPACITY</u>

36.     Plaintiffs seek to impose individual liability upon Defendant officer for actions taken under color of state law which cause the deprivation of Plaintiffs' Federal Rights.

37.     The officers were carrying out law enforcement functions, was on duty, wearing police uniforms, used police equipment; squad cars, handcuffs, badges, claimed to be officers, and carried out the arrest.

38.     Defendant's actions violated Plaintiffs' Fourth Amendment right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause,

39.  The conduct of the Defendant Officers included but not limited to the following; home invasion, illegal search and seizure, aggravated assault with deadly weapons, battery, trespass, excessive force, false imprisonment and violation of equal protection of the law violations.

40.  According to North Bay Village Police Department website there are 25 officers on staff and it is believed that every officer that worked on shift participated in this illegal and unconstitutional action.

41.  The city of North Bay Village is directly responsible for the actions of their officers because high ranking members from cities police department were on the scene sanctioning and supervising officer's activities.

## QUALIFIED IMMUNITY

42.  Qualified immunity is not available to the Defendants because the aforementioned conduct described herein violates clearly established statutory and constitutional rights of which reasonable officers would have known at the time that their actions were taken.

43.  Defendants' actions were unreasonable, as no reasonable officer in the same situation could have believed that his actions were lawful.

44.  The Defendants are not entitled to qualified immunity because their conduct violates clearly established statutory and constitutional rights which a reasonable police officer would have known at the time of their misconduct.

45.  Defendants were not carrying out discretionary duties.  Defendants' actions were tantamount to criminal behavior as their behavior was plainly incompetent while knowingly violating federal law.

## NOTICE OF CLAIM

46.  Within the time period outlined by Florida Law, Plaintiff filed written notice of the claim with the Florida Office of Professional Responsibility, the Mayor of North Bay Village and the Police Chief of North Bay Village.  The statutory time period has lapsed since filing that notice, and this matter has not been settled or otherwise disposed of.  A copy of the notices accompany this complaint.

47.    Plaintiff Devin Williams and Khadijah Aigoro will file sworn statements evincing the allegations alleged.  Plaintiff K.W., will not as he is a minor.

## **CONDITIONS PRECEDENT**

48.    All conditions precedent has been performed or has occurred.  Plaintiff complied with notice requirements of Florida Statutes which requires notice of injury to the Department of Financial Responsibility in Tallahassee, Florida and to the city mayor.

49.    A copy of the notice was also sent to the Mayor of North Bay Village.  City Officials have made no attempt to resolve the claims, and has forced Plaintiff to file this action seeking relief and damages.

## COUNT ONE
## RESOPNDENT SUPERIOR
## CITY OF NORTH BAY VILLAGE

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

50.  The City of North Bay Village is a city located in Miami-Dade County, Florida which possesses its own Police Department.

51.  On January 30, 2018 at least seven North Bay Village Police Officer acting within the scope of their employment and under color of law raided Plaintiffs' home subjecting them to battery, home invasion, intentional infliction of emotional distress, excessive force, false imprisonment and being placed in handcuffs for an extended period of time.

52.  The city of North Bay Villages Police Officer conduct was tantamount to negligence and intentional torts which are covered under the doctrine of respondent superior.

53.  The city of North bay Village is not immune from liability for intentional torts committed by its police officers in course or scope of their employment.

54.  The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

55.  Officers from the city of North bay Village handcuffed Plaintiffs Williams and Aigoro and seated them on the couch, held and questioned them at gunpoint while the child watched in visible fear.

56.  No officer on the scene intervened to protect Plaintiffs constitutional rights guaranteed by the first and fourth amendment.

57.  Plaintiffs' detention was unreasonable and not warranted by the circumstances.

58.  Plaintiffs will be seek damages which are outlined in the prayer for relief.

## COUNT TWO
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment*.
## Lt. Brian Collins

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

59.    Plaintiffs files this count against Lt. Brian Collins of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

60.    At all times hereto, Lt. Collins was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

61.    Prior to entering Plaintiff's home, an officer under the control of Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

62.    The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

63.    Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

64.    Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

65.    Plaintiffs' detention was unreasonable and not warranted by the circumstances.

## COUNT THREE
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment*.
## Detective Sam Bejar

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

66.   Plaintiffs files this count against **Detective Sam Bejar** of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

67.   At all times hereto, **Detective Bejar** was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

68.   Prior to entering Plaintiff's home, an officer under the control of Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

69.   The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

70.   Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

71.   Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

72.   Plaintiffs' detention was unreasonable and not warranted by the circumstances.

## COUNT FOUR
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment*.
## Officer Jose Martinez

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

73.    Plaintiffs files this count against **Officer Jose Martinez** of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

74.    At all times hereto, **Officer Jose Martinez** was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

75.    Prior to entering Plaintiff's home, an officer under the control of  Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

76.    The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

77.    Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

78.    Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

79.    Plaintiffs' detention was unreasonable and not warranted by the circumstances

## COUNT FIVE
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment*.
## Officer Frank Pieiga

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

80.   Plaintiffs files this count against **Officer Frank Pieiga** of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

81.   At all times hereto, **Officer Frank Pieiga** was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

82.   Prior to entering Plaintiff's home, an officer under the control of Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

83.   The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

84.   Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

85.   Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

86.   Plaintiffs' detention was unreasonable and not warranted by the circumstances.

## COUNT SIX
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment*.
## Officer Walter Sajdak

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

87.  Plaintiffs files this count against **Officer Walter Sajdak** of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

88.  At all times hereto, **Officer Walter Sajdak** was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

89.  Prior to entering Plaintiff's home, an officer under the control of Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

90.  The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

91.  Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

92.  Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

93.  Plaintiffs' detention was unreasonable and not warranted by the circumstances.

## COUNT SEVEN
## VIOLATION OF Civil Rights While Acting Under The
## Color of Law 42 U.S.C. 1983; *False Imprisonment.*
## Officer Hubert Molina

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

94. Plaintiffs files this count against **Officer Hubert Molina** of the North Bay Village Police Department for his presence and participation in a police raid that took place at Plaintiffs' home on or about January 30, 2018.

95. At all times hereto, **Officer Hubert Molina** was operating under color of law for the City of North Bay Village Police Department which is located in Miami-Dade County, Florida.

96. Prior to entering Plaintiff's home, an officer under the control of Chief Noriega pried open the front door lock to Plaintiffs' home and officers from his department proceeded in with their military style assault weapons drawn and trained on the Plaintiffs.

97. The aforementioned actions took place without probable cause, arguable probable cause, exigent circumstances, a warrant, or credible information that a crime had been committed therein constituting an unlawful detention of all Plaintiffs.

98. Officers from the North Bay Village Police Department handcuffed Plaintiffs Williams and Aigoro seating them on the couch and questioned them at gunpoint while the minor child watched in visible fear.

99. Plaintiffs' detention was intentional as Plaintiffs were not free to leave which violates their clearly established constructional rights.

100. Plaintiffs' detention was unreasonable and not warranted by the circumstances.

## COUNT EIGHT
## VIOLATION OF Civil Rights While Acting
## Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE*
## Lt. Brian Collins

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

101. On or about January 30, 2018, **Lt. Brian Collins** and approximately six officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

102. An officer pried open Plaintiffs' locked front door, and the rest entered and placed Williams and Aigoro in handcuffs holding them at bay without probable cause or an arrest warrant.

103. Plaintiffs were placed on their couch and questioned for an extended period of time.   Plaintiffs were not free to leave.

104. The 3 year old child in in the home (K.W.) who watched in horror unfold as his father and step-mother were being accosted by the heavily armed officers. At one point one of the officers trained a weapon on the child's head

105. The force used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

106. The actions of Collins, were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment of the United States Constitution.

107. The acts of excessive force by Brian Collins was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

108. The conduct of Collins was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

### COUNT NINE
### VIOLATION OF Civil Rights While Acting
### Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE*
### Detective Sam Bejar

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

109.   On or about January 30, 2018, **Detective Sam Bejar** and approximately six officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

110.   An officer pried open Plaintiffs' locked front door, and the rest entered and placed Williams and Aigoro in handcuffs holding them at bay without probable cause or an arrest warrant.

111.   Plaintiffs were placed on their couch and questioned for an extended period of time.   Plaintiffs were not free to leave.

112.   The 3 year old child in in the home (K.W.) who watched in horror unfold as his father and step-mother were being accosted by the heavily armed officers. At one point one of the officers trained a weapon on the child's head

113.   The force used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

114.   The actions of Bejar, were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment of the United States Constitution.

115.   The acts of excessive force by Sam Bejar was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

116.   The conduct of Bejar was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

<u>**COUNT TEN**</u>
<u>**VIOLATION OF Civil Rights While Acting**</u>
<u>**Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE***</u>
<u>**Officer Jose Martinez**</u>

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

117.  On or about January 30, 2018, **Officer Jose Martinez** and approximately six police officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

118.  An officer pried open Plaintiffs' locked front door, and others entered and placed Williams and Aigoro in handcuffs holding them at bay without probable cause, arguable probable cause, hot pursuit or exigent circumstances or an arrest warrant.

119.  Plaintiffs were placed on their couch and questioned for an extended period of time and as such were not free to leave.

120.  A 3 year old child in in the home (K.W.) who watched in horror as his father and step-mother were being accosted by the heavily armed officers.

121.  At one point one of an officers maliciously and illegally trained a weapon on the child's head.

122.  The force Officer Jose Martinez used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

123.  The actions of Officer Jose Martinez were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment to the United States Constitution.

124.  The acts of excessive force by **Officer Jose Martinez** was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

125. The conduct of **Officer Jose Martinez** was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

126. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

**COUNT ELEVEN**
**VIOLATION OF Civil Rights While Acting**
**Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE***
**Officer Frank Pieiga**

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

127. On or about January 30, 2018, Officer Frank Pieiga and approximately six police officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

128. An officer pried open Plaintiffs' locked front door, and others entered and placed Williams and Aigoro in handcuffs holding them at bay without probable cause, arguable probable cause, hot pursuit or exigent circumstances or an arrest warrant.

129. Plaintiffs were placed on their couch and questioned for an extended period of time and as such were not free to leave.

130. A 3 year old child in in the home (K.W.) who watched in horror as his father and step-mother were being accosted by the heavily armed officers.

131. At one point one of an officers maliciously and illegally trained a weapon on the child's head.

132. The force **Officer Frank Pieiga** used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

133. The actions of **Officer Frank Pieiga** were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment to the United States Constitution.

134. The acts of excessive force by Officer Frank Pieiga was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

135. The conduct of Officer Frank Pieiga was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

136. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

### COUNT TWELVE
### VIOLATION OF Civil Rights While Acting
### Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE*
### Officer Walter Sajdak

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

137. On or about January 30, 2018, Officer Walter Sajdak and approximately six police officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

138. An officer pried open Plaintiffs' locked front door, and others entered slammed Williams and Aigoro and slammed Williams and Aigoro to the floor and placed them in handcuffs holding them at bay.

139. This was done without probable cause, arguable probable cause, hot pursuit or exigent circumstances or an arrest warrant.

140. Plaintiffs were placed on their couch and questioned for an extended period of time and as such were not free to leave.

141. A 3 year old child in in the home (K.W.) who watched in horror as his father and step-mother were being accosted by the heavily armed officers.

142.   At one point one of an officers maliciously and illegally trained a weapon on the child's head.

143.   The force Officer Walter Sajdak used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

144.   The actions of Officer Walter Sajdak were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment to the United States Constitution.

145.   The acts of excessive force by Officer Walter Sajdak was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

146.   The conduct of Officer Walter Sajdak was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

147.   A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

## COUNT THIRTEEN
## VIOLATION OF Civil Rights While Acting
## Under Color of Law 42 U.S.C. 1983 *EXCESSIVE FORCE*
## Officer Huberto Molina

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

148.   On or about January 30, 2018, Officer Hubert Molina and approximately six police officer from the North Bay Village Police Department participated in a raid on Plaintiffs' home.

149.   An officer pried open Plaintiffs' locked front door, and others entered and slammed Williams and Aigoro to the floor placing them in handcuffs holding them at bay without probable cause, arguable probable cause, hot pursuit or exigent circumstances or an arrest warrant.

150.   Plaintiffs were placed on their couch and questioned for an extended period of time and as such were not free to leave.

151.   A 3 year old child in in the home (K.W.) who watched in horror as his father and step-mother were being accosted by the heavily armed officers.

152.   At one point one of an officers maliciously and illegally trained a weapon on the child's head.

153.   The force Officer Hubert Molina used against the Plaintiffs was without provocation, without legitimate penal justification, and no officer on the scene tried to stop the unprovoked and unjustified excessive force against the Plaintiffs.

154.   The actions of Officer Hubert Molina were performed under color of state law and violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendment to the United States Constitution.

155.   The acts of excessive force by Officer Hubert Molina was the direct and proximate cause of serious and ongoing injuries to Plaintiffs.

156.   The conduct of Officer Hubert Molina was willful and exhibited a flagrant disregard for Plaintiffs' federally secured due process rights, and accordingly this Defendant is liable to Petitioner under 42 USC 1983.

157.   A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

### COUNT FOURTEEN
### FAILURE TO INTERVENE 42 USC 1983
### Lt. Brian Collins

  **Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

158.   Plaintiffs filing this count against defendant, Lt. Brian Collins as he is directly responsible for his actions and the actions of other officers from the North Bay Village Police Department.

159.  As a Police Lt. Brian Collins, had a duty to intervene when fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, to be free from illegal search and seizure, and false arrest.

160.  Lt. Brian Collins stood by at the scene and watched the entire event and was in voice and visual contact with the offending officers.

161.  Lt. Collins had time and a duty to intervene and order the offending officers not to commit the constitutional violations but failed to do so.

162.  A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

### COUNT FIFTEEN
### FAILURE TO INTERVENE 42 USC 1983
### Detective Sam Bejar

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

163.  Plaintiffs filing this count against defendant, Detective Sam Bejar as he is directly responsible for his actions and the actions of other officers from the North Bay Village Police Department.

164.  As a Detective, Sam Bejar had a duty to intervene when his fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, to be free from illegal search and seizure, and false arrest.

165.  Detective Sam Bejar stood by at the scene and watched the entire event and was in voice and visual contact with the offending officers.

166.  Bejar had time and a duty to intervene and order the offending officers not to commit the constitutional violations but failed to do so.

167. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

## COUNT SIXTEEN
## FAILURE TO INTERVENE 42 USC 1983
## Officer Jose Martinez

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

168. Plaintiffs filing this count against Officer Jose Martinez as he is directly responsible for his actions and the actions of the other officers from the North Bay Village Police Department.

169. Officer Jose Martinez had a duty to intervene when his fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, illegal search and seizure, and false arrest.

170. Officer Jose Martinez stood by at the scene and watched the entire event as he and was in voice and visual contact with the offending officers.

171. Officer Jose Martinez had time and a duty to intervene and order the offending officer not to commit the constitutional violations but failed to do so.

172. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

## COUNT SEVENTEEN
## FAILURE TO INTERVENE 42 USC 1983
## Officer Frank Pieiga

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

173. Plaintiffs filing this count against Officer Frank Pieiga is directly responsible for his actions and the actions of the other officers from the North Bay Village Police Department.

174. Officer Frank Pieiga had a duty to intervene when his fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, illegal search and seizure, and false arrest.

175. Officer Frank Pieiga stood by at the scene and watched the entire event as he and was in voice and visual contact with the offending officers.

176. Officer Frank Pieiga had time and a duty to intervene and order the offending officer not to commit the constitutional violations but failed to do so.

177. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

## COUNT EIGHTEEN
## FAILURE TO INTERVENE 42 USC 1983
## Officer Walter Sajdak

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

178. Plaintiffs filing this count against **Officer Walter Sajdak** he is directly responsible for his actions and the actions of the other officers from the North Bay Village Police Department.

179. Officer Walter Sajdak had a duty to intervene when his fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, illegal search and seizure, and false arrest.

180. Officer Walter Sajdak stood by at the scene and watched the entire event as he and was in voice and visual contact with the offending officers.

181. Officer Walter Sajdak had time and a duty to intervene and order the offending officer not to commit the constitutional violations but failed to do so.

182. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

## COUNT NINETEEN
## FAILURE TO INTERVENE 42 USC 1983
## Officer Hubert Molina

     **Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

183.    Plaintiffs filing this count against Officer Molina as he is directly responsible for his actions and the actions of the other officers from the North Bay Village Police Department.

184.    Officer Hubert Molina had a duty to intervene when his fellow officer violated Plaintiffs clearly established constitutional rights including but not limited to excessive force, illegal search and seizure, and false arrest.

185.    Officer Molina stood by at the scene and watched the entire event as he and was in voice and visual contact with the offending officers.

186.    Officer Molina had time and a duty to intervene and order the offending officer not to commit the constitutional violations but failed to do so.

187.    A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

188.    Before the officers left the home one of the officers placed a gun to the child's head to further intimidate the Plaintiffs.

## COUNT TWENTY
## FALSE ARREST/FALSE IMPRISONMENT
## Lt. Brian Collins

     **Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

189.    This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Defendant Brian Collins for common law false imprisonment/arrest, and is pled in the alternative. For the purpose of this count, the actions of this Defendants was outside the course and scope of his

employment with the City of North Bay Village and the laws of the state of Florida.

190.   These Plaintiffs are entitled to relief against Defendant Lt. Brian Collins in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

191.   This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendant in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

192.   These Plaintiffs were further restrained by these Defendants through the use of his displayed of weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty.  This Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

193.   At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained, they were restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement. These Defendants acted in bad faith and/or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

### COUNT TWENTY-ONE
### FALSE ARREST/FALSE IMPRISONMENT
### Detective Sam Bejar

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

194.   This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Defendant Brian Collins for common law false imprisonment/arrest, and is pled in the alternative. For the purpose of this count, the actions of this Defendants was outside the course and scope of his

employment with the City of North Bay Village and the laws of the state of Florida.

195.   These Plaintiffs are entitled to relief against Defendant Det. Brian Collins and in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

196.   This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendant in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

197.   These Plaintiffs were further restrained by these Defendants through the use of his displayed of weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty.  This Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

198.   At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained, they were restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement. These Defendants acted in bad faith and/or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

### COUNT TWENTY-TWO
### FALSE ARREST/FALSE IMPRISONMENT
### Officer Jose Martinez

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

199.   This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Officer Jose Martinez for common law false imprisonment/arrest, and is pled in the alternative.

200. For the purpose of this count, the actions of this Defendants was outside the course and scope of his employment with the City of North Bay Village and the laws of the state of Florida.

201. These Plaintiffs are entitled to relief against Defendant Officer Martinez and in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

202. This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendant in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

203. These Plaintiffs were further restrained by these Defendants through the use of his displayed of weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty.  This Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

204. At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement. These Defendants acted in bad faith and/or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

## COUNT TWENTY-THREE
## FALSE ARREST/FALSE IMPRISONMENT
## Officer Frank Pieiga

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

205. This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Defendant Officer Frank Pieiga for common law false imprisonment/arrest, and is pled in the alternative. For the purpose of this count, the actions of this Defendant was outside the course and scope of his

employment with the City of North Bay Village and the laws of the state of Florida.

206.   These Plaintiffs are entitled to relief against Defendant Det. Brian Collins and in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

207.   This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendants in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

208.   These Plaintiffs were further restrained by these Defendants through their use of his display of weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty. These Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

209.   At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained, they were restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement. These Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

## COUNT TWENTY-FOUR
## FALSE ARREST/FALSE IMPRISONMENT
## Officer Walter Sadjak

Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.

210.   This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Defendant, Officer Walter Sadjak for common law false imprisonment/arrest, and is pled in the alternative. For the purpose of this count, the actions of these Defendants were outside the course and scope of

his employment with the City of North Bay Village and the laws of the state of Florida.

211.    These Plaintiffs are entitled to relief against Defendant, Officer Walter Sadjak,  and in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

212.    This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendants in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

213.    These Plaintiffs were further restrained by this Defendant through use of his display of a service weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty.  This Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

214.    At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained, they were restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement.  This Defendants acted in bad faith and/or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

## COUNT TWENTY-FIVE
## FALSE ARREST/FALSE IMPRISONMENT
## Officer Hubert Molina

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 above and incorporates same herein by reference.**

215.    This count sets forth claims on behalf of Plaintiffs, (Williams, Aigoro and KW a minor), against Defendant Hubert Molina for common law false imprisonment/arrest, and is pled in the alternative. For the purpose of this

count, the actions of these Defendants were outside the course and scope of their employment with the City of North Bay Village and the state of Florida.

216. These Plaintiffs are entitled to relief against Defendant Hubert Molina and in that this Defendant intentionally and unlawfully detained and restrained these Plaintiffs against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time

217. This unlawful restraint of these Plaintiffs' liberty was also accomplished by this Defendants in confining these Plaintiffs to an area or areas in which they did not wish to be confined, and/or by compelling these Plaintiffs to go where they did not wish to go.

218. These Plaintiffs were further restrained by these Defendants through their use of his display of weapon, coercive words, threats of force as well as actual force, and immediate means of coercion against these Plaintiffs, so that these Plaintiffs were restrained and deprived of liberty. These Defendants restrained these Plaintiffs without any justification and in the absence of probable cause.

219. At all pertinent times, and at all times during which these Plaintiffs were being unlawfully restrained, they were restrained against their will, and without consent, so that these Plaintiffs were not free to leave their places of confinement. These Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

a.   Judgment for compensatory damages in excess of $75,000 dollars

b.   Cost of Suit

c.   General Damages

d.   Compensatory damages

e.   Damages for pain and suffering

f.   mental anguish

g.   Punitive damages

h.   Trial by jury as to all issues so triable; and

i.   Embarrassment and humiliation

j    Loss of capacity for enjoyment of life

k.   Such other relief as this Honorable Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiffs demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have e-filed this amended complaint to the clerk of court and to Defendants' attorney's at their designated e-mail addresses listed this May 19, 2020.

Respectfully submitted by,

_/s/Gregory D. Curtis Esq._

Gregory D. Curtis Esq.

17325 N.W. 27th Avenue Suite 103

Miami Gardens, Florida 33056

Florida Bar No.: 0492108

Tel: (305) 622 9199

Fax: (305) 622 9129

Florida Bar # 0492108