UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22094-CV-UNGARO
MAGISTRATE JUDGE REID

DEVIN WILLIAMS, et al.,

      Plaintiffs,
v.

LT. BRIAN COLLINS, et al.,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Defendants' Verified Motion to Tax Costs, filed pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). [ECF No. 46]. This cause has been referred to the Undersigned to take all necessary and proper action as required by law. [ECF No. 48].

In the Motion, Defendants seek to recover $2,152.22 in taxable costs from Plaintiffs, consisting of $1,311.00 in deposition and transcript costs, $240.00 for service of process, and $601.22 for fees paid for copies of records. [ECF No. 46]. Supporting documentation has been provided for all costs incurred. [ECF No. 46-1]. Plaintiffs object to Defendants' Motion, solely arguing that Defendants' Motion is untimely because the costs were incurred in Case No. 19-cv-20939-UU - which was dismissed on June 11, 2020 - and because the Motion was filed in violation of the Local Rules of this Court governing such motions. [ECF Nos. 47, 47-1, 47-2].

Upon careful consideration, the Undersigned **RECOMMENDS** that Defendants' Motion [ECF No. 46] be **GRANTED**, and that Defendants receive **$2,152.22** in taxable costs against Plaintiffs, as further discussed below.

## II. Discussion

Plaintiffs make three arguments as to why Defendants' Motion should be denied, but do not present any challenges to the specific costs sought outside of these general objections to the entire Motion. The Undersigned will address them in turn.

First, Plaintiffs argue that the Motion should be denied because the costs sought by Defendants were incurred in Case No. 19-cv-20939-UU, not this case, Case No. 20-cv-22094-UU, thereby making the Motion untimely. This argument is not well received because it omits the fact that this case is simply an extension of the 2019 case.

The factual circumstances giving rise to this case are the same factual circumstances giving rise to the 2019 case. Plaintiffs voluntarily dismissed the 2019 case to avoid this case being dismissed as duplicative and to avoid claim splitting. This is evidenced by the Court's Order in the 2019 case, where the Court dismissed the 2019 case "with the understanding that all matters relating to the underlying incident will be resolved in [this case]." *See* Case No. 19-cv-20939-UU at ECF No. 90. It is disingenuous for Plaintiffs to now argue that their litigation strategy in these cases, or lack thereof, should now result in Defendants not being reimbursed for taxable costs they would otherwise be entitled to. Further, Plaintiffs should not be able to take advantage of the considerable latitude given by the Court. The Motion was timely brought pursuant to S.D. Fla. L.R. 7.3, and thus, Plaintiffs' argument fails.

Plaintiffs' second argument against awarding Defendants taxable costs, that the Motion was not filed in accordance with S.D. Fla. L.R. 7.3(a)(2), is also without merit. S.D. Fla. L.R. 7.3(a)(2) requires that the Motion "identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award." Here, Defendants' Motion clearly identifies the judgment and order which gave rise to the Motion when

they cited to the Court's Order granting Defendants' Motion for Summary Judgment [ECF No. 44], and the Final Judgment [ECF No. 45] entered in this case. [ECF No. 46 at 2]. As for identifying the statute or rule entitling them to costs, Defendants identify 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and S.D. Fla. L.R. 7.3. [*Id.* at 1]. Thus, Plaintiff's assertion that Defendants failed to comply with S.D. Fla. L.R. 7.3(a)(2) is wholly frivolous.

Plaintiff's third argument, which is equally frivolous, is that the Motion violated S.D. Fla. L.R. 7.3(a)(5) because it does not identify the attorneys' identity, experience, qualification, hourly rates, tasks, and number of hours expended. This provision of the Local Rule is obviously for purposes of a motion for attorneys' fees, not taxable costs. The Local Rule says as much where it explicitly states that the procedure for moving for taxable costs pursuant to 28 U.S.C. § 1920 should be done in accordance with S.D. Fla. L.R. 7.3(c), as opposed to S.D. Fla. L.R. 7.3(a).

Other than these arguments, Plaintiffs make no specific arguments against Defendants entitlement to taxable costs, or against any of the discreet costs sought by Defendants. Accordingly, any other potential argument against awarding taxable costs has been waived pursuant to S.D. Fla. L.R. 7.1(c)(1). *See, e.g., Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."). Thus, Defendants' Motion should be granted.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that Defendants' Motion [ECF No. 46] be **GRANTED**, and that Defendants receive **$2,152.22** in taxable costs against Plaintiffs.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination

by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **SIGNED** this 15th day of January, 2021.

                                                                         UNITED STATES MAGISTRATE JUDGE

cc:     U.S. District Judge Ursula Ungaro; and

           All Counsel of Record via CM/CEF